# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO WHITFIELD, | ) |
| Petitioner, | ) |
| | ) Case No. 18 C 1870 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Circuit Judge[*]:

On March 14, 2018, Petitioner Mario Whitfield filed the present pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Whitfield's § 2255 motion and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

## BACKGROUND

On September 17, 2015, a grand jury returned a third superseding indictment charging Whitfield with one count of accessory-after-the-fact in violation of 18 U.S.C. § 3 in relation to his co-defendant Toby Jones's drug trafficking offense (Count XV). Relevant to the present motion, the third superseding indictment also charged Whitfield's co-defendants Toby and Kelsey Jones with two counts of conspiring: (i) to kill and attempt to kill a person, and (ii) to knowingly engage in conduct and thereby cause bodily injury to another person with the intent to retaliate against any person for providing information to a law enforcement officer regarding the commission and possible commission of a federal offense in violation of 18 U.S.C. § 1513(f) (Counts X and XI). On January 15, 2016, Whitfield proceeded to a bench trial, while Toby

---
[*] Sitting by designation. (R. 8).

Jones proceeded to a simultaneous bench trial and Kelsey Jones proceeded with a simultaneous jury trial. At the conclusion of the bench and jury trials, the Court and the jury convicted defendants of all charges against them.

At his June 20, 2016 sentencing hearing, the Court determined that Whitfield's adjusted base offense level for the accessory-after-the-fact conviction was 12, which included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on possession of a firearm in connection with the conviction. (R. 424, 6/20/16 Hr'g Tr., at 6-8.) The Court also determined that Whitfield's Criminal History Category was VI. (*Id.* at 9.) Accordingly, Whitfield's corresponding Guideline range was 30 to 37 months. When considering the 18 U.S.C. § 3553(a) factors, the Court stated as follows:

> The first factor is the nature and circumstances of the offense. This is a very serious offense. Looking at your offense of conviction, you harbored Toby Jones who was a dangerous drug dealer. You knew the Feds were looking for him, yet you drove him around. You drove him to a hotel. You drove him a couple of times in an effort to help him evade being arrested by law enforcement. That is a very serious offense.
>
> In looking at your history and characteristics, I am looking at the underlying conduct that clearly came out during trial, and is very troubling to the Court, regarding your acting as a getaway driver for Kelsey Jones when he attempted to murder [the confidential informant]. I addressed a chunk of this evidence in my ruling on the verdict, linking you back to the events that night and to the red van that you were driving; and I will incorporate that here[.]
>
> But you were at the scene in April of the attempted murder of Jamie Ringswald by Kelsey Jones. And whether you knew in advance what he was going to do or not that night, you were there. You saw him attempt to murder Jamie Ringswald, and you drove him away. You told him to hurry up and get in the van. That is the evidence that came out at trial.
>
> ….
>
> I am troubled by your criminal history, and that is a factor in the Court's sentencing. You have a Criminal History Category of VI. You are a relatively young man. You are 34 years old. And as the government has pointed out, you have been in and out of prison your entire adult life, which is troubling to the Court.

(*Id*. at 22-23.)  The Court then sentenced Whitfield to 84 months in prison explaining:

> I am going upwards from the Guidelines in this case for the factors that I have just indicated.  The Guidelines will not serve the 3553(a) factors.  I would impose this sentence even if I was incorrect on the two-level enhancement under 2D1.1 of the Guidelines, Ms. Foley [defense counsel], that you have objected to.
>
> I am very troubled, given the criminal history and the conduct at issue here, including the conduct that was proved up at trial with respect to driving the getaway car of an attempted murder; and the public clearly needs protection from the defendant here, and he clearly needs to be deterred.  The Guideline sentence will not satisfy those factors, so I am departing upwards for the reasons I have just articulated.

(*Id.* at 25.)  On June 23, 2016, the Court entered Whitfield's judgment and commitment.

Whitfield filed a timely notice of appeal, after which his appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  On September 20, 2017, the Seventh Circuit granted appellate counsel's *Anders* motion and dismissed Whitfield's appeal.  In doing so, the Seventh Circuit stated:

> We also agree with counsel that it would be frivolous to challenge the sentence; the district court stated that it would have imposed the same sentence even if it was incorrect about the sentencing enhancement; the district court departed from the Guidelines based on strong evidence that Whitfield was the getaway driver for the April 2, 2014, shooting of the CI.

*United States v. Jones,* 872 F.3d 483, 495 (7th Cir. 2017).

On March 14, 2018, Whitfield filed his timely § 2255 motion.  Construing his pro se § 2255 motion and filings liberally, *see Terry v. Spencer,* 888 F.3d 890, 893 (7th Cir. 2018), Whitfield argues that his trial counsel was constitutionally ineffective in violation of the Sixth Amendment.  Whitfield also posits that the Court erred in considering uncharged conduct at sentencing in violation of *Nelson v. Colorado,* 137 S.Ct. 1249 (2017), which he argues effectively overruled *United States v. Watts,* 519 U.S. 148 (1997) (per curiam).

3

**LEGAL STANDARD**

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." 28 U.S.C. § 2255. A motion under § 2255 is not a substitute for a direct appeal nor is it a means by which a defendant may appeal the same claims a second time. *Bousley v. United States,* 523 U.S. 614, 621 (1998) (relief under § 2255 "will not be allowed to do service for an appeal"). If a § 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, or that enforcing the procedural default would lead to a fundamental miscarriage of justice. *See Farmer v. United States*, 867 F.3d 837, 842 (7th Cir. 2017); *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017). Because Sixth Amendment ineffective assistance claims often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *Massaro v. United States,* 538 U.S. 500, 504 (2003).

**ANALYSIS**

I. **Ineffective Assistance of Trial Counsel Claim**

In his § 2255 motion, Whitfield argues that his trial counsel provided constitutionally ineffective assistance of counsel. To establish ineffective assistance of trial counsel in violation of the Sixth Amendment, Whitfield must show that (1) his trial attorney's performance "fell

below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted); *see also Delatorre,* 847 F.3d at 845 (courts apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance.") (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead Whitfield must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693, 695; *see also Lee v. Avila*, 871 F.3d 565, 571 (7th Cir. 2017). If Whitfield fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *Id.*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

Here, Whitfield argues that his trial counsel was constitutionally ineffective because she "never informed him of the weight of the evidence or the inner workings of the United States Criminal Justice system and never told him that to proceed to trial was not a good idea." (R. 1, 3/14/18, § 2255 Memo, at 4.) Whitfield further states: "It should be noted that failure by defense counsel to communicate a plea offer to a defendant deprives him or her of the opportunity to present a plea bargain." (*Id*.) Nonetheless, Whitfield explains, "[a]s noted, there is no reference in Petitioner's submissions to any indication the government was prepared to

5

offer one." (*Id*. at 5.) Also, in Whitfield's § 2255 affidavit – that he signed under penalty of perjury – he avers:

> I state that counsel never informed me on the weight of evidence or the inner workings of the United States Criminal Justice system and counsel never informed me that to proceed to trial was not a good idea.
>
> I was never advised by counsel that if I go to trial on my one count that my co-defendants['] action for their counts could be used against me for sentencing. If this was know[n] to me, I would have entered a plea had I received adequate legal advice.

(R. 1, 2/27/18 Whitfield Aff.)

Viewing Whitfield's pro se statements and averments liberally, he asserts that his trial counsel's failure to negotiate or communicate a plea agreement constitutes a deficient performance under *Strickland*. *See Lafler v. Cooper,* 566 U.S. 156, 162 (2012) ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). Starting with Whitfield's argument that his trial counsel failed to communicate a potential plea agreement to him, Whitfield has failed to set forth any evidence – such as sworn statements in his own affidavit or legal memorandum – that the government offered him a plea agreement in the first instance. *Martin v. United States,* 789 F.3d 703, 706 (7th Cir. 2015); *see also Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) ("allegations contained" in a § 2255 motion "signed under penalty of perjury … become evidence").

More importantly, evidence in the record indicates that Whitfield was not interested in pleading guilty, but rather he insisted on going to trial. To clarify, at his bench trial, Whitfield explained:

> Your Honor, I don't believe that my attorney is in my best interest. She keep trying to get me to plead out or cooperate. And I keep telling her that I ain't done nothing wrong so there's no reason for me to plead out. And she's not calling my witnesses to cooperate that I have jobs and prior obligations daily that wouldn't

6

> allow me to do some of the things that they saying I'm doing. I just wouldn't –
> I'm not comfortable continuing with her.

(14 CR 0155, R. 414, 1/20/16 (afternoon) Trial Tr., at 280-81.) The Court then explained to Whitfield that the government had yet to present evidence against him and that his counsel had not had the opportunity to call witnesses, but she would be allowed to do so when it was his turn. (*Id*. at 281.) At the end of that trial day, the Court addressed Whitfield's dissatisfaction with his lawyer. The following discussion took place on the record:

> DEFENDANT WHITFIELD: I don't believe that she has my best interest at heart.
>
> THE COURT: Why are you saying that?
>
> DEFENDANT WHITFIELD: She continues to try to get me to plead out or cooperate, but I don't – I can't plead out to something that I didn't do. And I asked her continuously not – like no, I'm not doing that.
>
> THE COURT: But you are in trial. This is what you want. You are in trial.
> …
> THE COURT: You have not pled. Nobody is telling you you have to. You are in trial. And that is what you want. That is what we are here for.

(*Id*. at 421-22.)

Thus, based on his own admissions in open court, Whitfield has not established that his counsel's performance was deficient under *Strickland* because Whitfield did not want to enter into a plea agreement in the first instance.[1] *See United States v. Jansen,* 884 F.3d 649, 656 (7th Cir. 2018) (to establish that counsel's performance fell below an objective standard of

---

[1] Although the Court initially granted Whitfield's request for an evidentiary hearing, after supplemental briefing in which the government identified Whitfield's in-court testimony, Whitfield is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Perrone v. United States*, 889 F.3d 898, 909–10 (7th Cir. 2018) (quoting 28 U.S.C. § 2255(b)) Although Whitfield's appointed § 2255 counsel argued that there is evidence in the record that defense counsel discussed the possibility of cooperating with the government with her client, because Whitfield unequivocally stated in open court that he had no desire to enter into a plea agreement, his ineffective assistance of counsel claims based on trial counsel's failure to procure or communicate a plea agreement are untenable, therefore, under the circumstances, an evidentiary hearing is not warranted.

reasonableness, petitioner must show that counsel performed seriously below professional standards).

Moreover, assuming that trial counsel failed to communicate or negotiate a plea agreement and did not inform Whitfield of the risks attendant with going to trial, Whitfield cannot establish that his counsel's performance prejudiced him under the second *Strickland* prong. In other words, Whitfield cannot establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different in relation to his sentence. *See Brock-Miller v. United States,* 887 F.3d 298, 312 (7th Cir. 2018) ("proof of prejudice must be matched to the circumstances of the deficient performance and the relief sought"). Under the circumstances, to establish prejudice, Whitfield must show that there was a reasonable probability that a "plea offer would have been presented to the court, the court would have accepted it, and that the conviction or sentence or both would have been less severe than the judgment imposed." *Sawyer v. United States*, 874 F.3d 276, 279 (7th Cir. 2017) (quoting *Foster v. United States,* 735 F.3d 561, 566 (7th Cir. 2013)).

Whitfield cannot and has not made this showing. In particular, as discussed above, Whitfield was adamant that he did not want to enter into a guilty plea, thus he cannot establish that a plea offer would have been presented to the Court and that the Court would have accepted it. Therefore, Whitfield has not satisfied the first two elements discussed in *Sawyer* and *Foster*. As to the third element, had there been a plea agreement containing a government-recommended sentence in exchange for a guilty plea to the one count against Whitfield, the Court would not have been obligated to follow that sentencing recommendation. *See* Fed.R.Crim.P. 11(c)(1)(B). Similarly, if the government and Whitfield had entered into a Rule 11(c)(1)(C) plea agreement, the Court likely would have rejected any such plea agreement if the government agreed to a

sentence within the Guideline range due to the § 3553(a) factors discussed in detail above. *See Hughes v. United States,* 138 S.Ct. 1765, 1773 (2018). In short, the Court's concerns with the § 3553(a) factors would likely result in the same sentence regardless of a plea agreement under the circumstances.

Therefore, Whitfield's ineffective assistance of trial counsel claim fails because he has not establish either the performance or prejudice prongs under *Strickland*.

## II. Relevant Conduct at Sentencing

Next, Whitfield argues that the Court erred in considering uncharged conduct when sentencing him in light of the Supreme Court's decision in *Nelson v. Colorado,* 137 S.Ct. 1249 (2017). In particular, Whitfield argues that the *Nelson* Court effectively overruled its decision in *United States v. Watts,* 519 U.S. 148 (1997) (per curiam). Under *Watts* and its progeny, the "Supreme Court has long authorized judges to consider at sentencing criminal conduct that is relevant to the offense of conviction, even if the defendant was not was convicted for that conduct, 'so long as that conduct has been proved by a preponderance of the evidence.'" *United States v. Holton*, 873 F.3d 589, 591 (7th Cir. 2017) (citing *Watts*, 519 U.S. at 157). And, as recently as May 2, 2018, the Seventh Circuit has reiterated that the Supreme Court has yet to overrule *Watts*. *See United States v. Thurman*, 889 F.3d 356, 371 (7th Cir. 2018) ("Although the Court's due process and Sixth Amendment jurisprudence has evolved by way of *Apprendi*, *Blakely*, and *Booker*, it has not overruled *Watts*.").

Nevertheless, Whitfield argues that the *Nelson* Court addressed the use of acquitted conduct at sentencing when concluding that sentencing courts cannot punish a defendant for dismissed or uncharged conduct. Whitfield's analysis of *Nelson* is misplaced. In *Nelson*, the Supreme Court reviewed a Colorado state statute concerning the refund of costs, fees, and

9

restitution once a criminal defendant's conviction has been invalidated. *See id.* at 1254-55. In doing so, the Supreme Court concluded that Colorado's statute did not comport with the Fourteenth Amendment's due process guarantees. *See id*. at 1257-58. In short, the *Nelson* Court did not discuss relevant conduct at sentencing. Therefore, Whitfield's argument fails because the *Nelson* decision has no bearing on his case.

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). Instead, petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Stechauner v. Smith,* 852 F.3d 708, 718 (7th Cir. 2017). Under this standard, Whitfield must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Here, Whitfield has not demonstrated that reasonable jurists would debate that his trial counsel was constitutionally ineffective or that his *Nelson* argument has merit. The Court therefore declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Whitfield's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** August 21, 2018

                              **ENTERED**

                              **AMY J. ST. EVE**
                              United States Circuit Judge
                              Sitting by Designation